FINAL REPORT[1]


*Amendments of Pa.R.Crim.P. 203 and 513*


FACE-TO-FACE REQUIREMENT FOR VERIFICATION OF AFFIDAVITS

_____

On November 9, 2017, effective January 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 203 (Requirements for Issuance) and 513 (Requirements for Issuance; Dissemination of Arrest Warrant Information) that would permit telephonic verification for the swearing of an affidavit in support of a search or arrest warrant application.

The Committee studied a suggestion to amend the provisions of Rule 203 concerning the use of advanced communications technology for submitting search warrant affidavits. The suggestion was to eliminate the "face-to-face" requirement for the swearing of an affidavit in support of a search warrant application and permit the swearing to be done telephonically. Rule 203(C) provides:

> (C) Immediately prior to submitting a search warrant application and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority by any device which, at a minimum, allows for simultaneous audio-visual communication. During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant.

Additionally, the *Comment* states that "[t]he 'visual' requirement in paragraph (C) must allow, at a minimum, the issuing authority to see the affiant at the time the oath is administered and the information received."

It was suggested that the face-to-face requirement of the rule can present significant impediments to using advance communication technology to obtain search warrants. This is especially critical when time is of the essence, such as in DUI cases, where ethanol or other intoxicants dissipate quickly. Officers who seek to obtain search warrants face significant obstacles if they must travel to a site with audio-visual conferencing equipment or to an issuing authority's office to have a face-to-face

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

appearance.  These obstacles are more onerous at nighttime and in the more remote parts of the Commonwealth.  Furthermore, it was noted that the federal courts have permitted telephonic submissions for many years.  *See* Federal Rules of Criminal Procedure 4.1 and 41.

The current "face-to-face" requirement was added as part of the 2002 rule changes that first permitted the use of advanced communications technology (ACT) in the application process for search and arrest warrants.  At that time, the Committee explained this change as follows:

> In devising the new ACT procedures, the Committee agreed that the rules should continue to require the 'written' affidavits, yet allow for the writing to be submitted using ACT equipment. In addition, we agreed that an important concept for the new procedure would be to require the issuing authority to verify the identity of the affiant, and to maintain the requirement that the issuing authority administer an oath to the affiant. Under the new procedure, the issuing authority and the affiant may communicate from separate locations, and the issuing authority will be able to use ACT to verify the identity of the affiant and administer the oath before the required documentation is transmitted. … Unlike the provisions in Federal Rule 41 that permit oral requests for warrants without the requirement of a "face-to-face" encounter, Rules 203 (Requirements for Issuance) and 513 (Requirements for Issuance) do not permit a warrant to issue based on oral testimony alone, and require that the issuing authority using ACT must be able to see the affiant when the oath is administered. 32 *Pa.B.* 2591 (May 25, 2002).

The Committee noted that when the original proposal was developed, the Committee had published a version of this proposal that included telephonic administration of the oath.  *See* 29 *Pa.B* 4426 (August 21, 1999).  At that time, the Committee did not distinguish between telephonic and two-way simultaneous audio-visual communication for warrant affidavit verification but rather discussed the issue in terms of advance communications technology that includes both.  The Committee was satisfied that any form of ACT was sufficient for the constitutional requirements of warrant issuance.  Subsequently, the face-to-face requirement was incorporated into the amendments approved in 2002. The face-to-face requirement appears to have been added as a means of guaranteeing the identity of the affiant.  Since this provision was added at the time that ACT first was going to be permitted, there may have been unease with the new technology without this additional guarantee of the affiant's identity.

In examining this issue, the Committee studied federal practice in this area at some length.  As noted above, the federal system has permitted the use of "reliable electronic means" for search applications for some time.  Originally formulated as part of Fed.R.Crim.P. 4.1, the procedures for the use of this type of technology currently are

contained in Fed.R.Crim.P. 41. The Notes to Fed.R.Crim.P. 41 from the time when these provisions were added discuss the concept of "reliable electronic means":

> The term "electronic" is used to provide some flexibility to the rule and make allowance for further technological advances in transmitting data. Although facsimile transmissions are not specifically identified, the Committee envisions that facsimile transmissions would fall within the meaning of "electronic means."

> While the rule does not impose any special requirements on use of facsimile transmissions, neither does it presume that those transmissions are reliable. The rule treats all electronic transmissions in a similar fashion. Whatever the mode, the means used must be "reliable." While the rule does not further define that term, the Committee envisions that a court or magistrate judge would make that determination as a local matter. In deciding whether a particular electronic means, or media, would be reliable, the court might consider first, the expected quality and clarity of the transmission. For example, is it possible to read the contents of the warrant in its entirety, as though it were the original or a clean photocopy? Second, the court may consider whether security measures are available to insure that the transmission is not compromised. In this regard, most courts are now equipped to require that certain documents contain a digital signature, or some other similar system for restricting access. Third, the court may consider whether there are reliable means of preserving the document for later use.

Pennsylvania has had over a decade of experience with remote submission of warrant applications with little problem, easing some of the apprehension that may have existed when use of this technology was first introduced in 2002. The Committee also noted that telephonic verification appears to have worked with little problem in the federal system. While there is potential for telephonic submissions to be abused, the Committee concluded that this potential problem could be addressed by means other than requiring video-conferencing in every case. Therefore, Rule 203 has been amended in a manner similar to that proposed in 1999. This permits telephonic verification, in addition to in-person and two-way audio-visual communications currently permitted in the rule.

Although the rule already provides for issuing authority discretion in using ACT at all, the Committee concluded that a direct statement regarding telephonic verification would be helpful. Therefore, an additional provision has been added to paragraph (C) that permits an issuing authority to refuse a telephonic application if there is a question regarding the applicant's identity. This is consistent with the federal system that permits such assurance as a "local matter."

Although the original suggestion related only to search warrant applications, the Committee's 1999 proposal included arrest warrant submissions and would have permitted telephonic submission there as well. As with Rule 203, Rule 513

(Requirements for Issuance; Dissemination of Arrest Warrant Information) contains similar language regarding face-to-face verification of the affidavit of probable cause. The Committee concluded that the same concerns and rationale applied to arrest warrant applications as well. Therefore, similar amendments have been made to Rule 513.